■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIE ERVIN, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered May 10, 1963 after a jury trial, convicting him of attempted robbery in the first degree and of attempted grand larceny and assault (both in the second degree) and imposing sentence. Judgment reversed on the law and on the facts and a new trial granted. Upon the trial, the People were allowed, over defendant's objection, to elicit testimony from an arresting police officer that, within approximately five minutes after the alleged crime, the complainant had identified the defendant and his codefendant as his assailants. In summation, the People relied upon the police officer's testimony to support the trial identification of the complainant. The complainant had not testified concerning his alleged pretrial identification, had been drinking prior to the alleged robbery, and had been severely beaten about the

head and body shortly prior to the identification. In our opinion, the admission of the police officer's testimony constituted reversible error (Code Crim. Pro., § 393-b; *People* v. *Trowbridge,* 305 N. Y. 471; *People* v. *Herrmann,* 9 N Y 2d 665; *People* v. *Cioffi,* 1 N Y 2d 70; see Wall, Eye-Witness Identification in Criminal Cases, pp. 147–165 [1965]). Ughetta, Acting P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.